*128 OPINION OF THE COURT
JORDAN, Circuit Judge.
Bradley Highbarger appeals from a judgment entered by the District Court of the Virgin Islands convicting him of two counts of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B). On appeal, Highbarger argues that the District Court erred by denying his motion to suppress evidence obtained from his computers and another digital storage device. Because we write only for the benefit of the parties, we assume familiarity with the facts of this criminal case and the proceedings in the District Court. For the following reasons, we will affirm the judgment of conviction.
I. Background
On July 20, 2006, federal agents searched Highbarger’s residence pursuant to two warrants.[1] The agents seized several items, including a Compaq central processing unit tower, a generic central processing unit tower, and a Lexar USB storage device (collectively, “the computers and the digital storage device”). On August 25, 2006, federal agents applied for a separate warrant to search the seized computers and digital storage device for evidence of illegal drug dealing, specifically violations of 21 U.S.C. § 841.[2] A magistrate judge approved the warrant the same day.
Pursuant to the August 25, 2006 warrant, Agent Hillary Hodge, the Resident Agent in Charge of the St. Thomas, Virgin Islands Division of the United States Department of Homeland Security, Immigration and Customs Enforcement, performed a search of the computers and the digital storage device. During the search, Agent Hodge, a certified digital forensic examiner, reviewed the graphic files on the computer, looking for images of drug-related activity. Upon reviewing one of the graphic files, Agent Hodge saw what appeared to be a picture of a young girl engaging in oral intercourse with an adult male. He then observed that there were several other graphic files that he had not viewed and terminated his search.
On October 3, 2006, Agent James Stone, a special agent for the United States Department of Homeland Security, Immigration and Customs Enforcement, applied for a warrant to search the hard drives of Highbarger’s computers for evidence of materials involving the sexual exploitation of children in violation of 18 U.S.C. § 2251(a), et seq. In support of the application, Agent Stone stated in an affidavit that the digital forensic examiner (i.e., Agent Hodge) had discovered “several dozen child pornography images” during the search performed pursuant to the August 25, 2006 warrant. (App. at 109.) He further stated that “the images were of young girls that appeared to be teenage or younger engaging in sexually explicit conduct.” Id. He included the statutory definition of sexually explicit conduct, but did not include a further description of the images the digital forensic examiner had seen or attach a copy of the images to his affidavit. A magistrate judge approved the warrant, and the computers and the digital storage device were searched. Although the number of images seized is not clear from the record before us, the government and Highbarger reached a conditional plea agreement acknowledging that the search of the computers and the digital storage device revealed approximately 78 video *129 clips and more than 30 images of child pornography.
On February 15, 2007, a grand jury returned a five-count indictment charging Highbarger with two counts of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B), two counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of attempting to transport child pornography in violation of 18 U.S.C. §§ 2252A(a)(l) and 2252A(b)(l). Highbarger moved to suppress any evidence obtained from his computers and digital storage devices, arguing that the seai'ch conducted by Agent Hodge exceeded the scope of the August 25, 2006 warrant, that the October 3, 2006 warrant was not supported by probable cause, that the October 3, 2006 warrant did not “save” evidence that was illegally obtained as a result of exceeding the scope of the August 25, 2006 warrant, and that the good faith exception to the exclusionary rule did not apply.
The District Court held an evidentiary hearing on the motion to suppress. At the hearing, both Agent Hodge and Agent Stone testified. Agent Hodge testified about the search he conducted pursuant to the August 25, 2006 warrant. He explained that he was searching the graphic files for evidence of drug-related activity using a program that allowed him to see approximately 26 thumbnail images of graphic files on his computer screen at one time. He further testified that he opened one of these graphic files and determined that it contained an image of a six or seven year-old female engaging in oral intercourse with an adult male. Agent Hodge testified that he then examined the other thumbnail images on the computer screen, and the similarity of those images to the image he had enlarged and viewed led him to suspect that the additional images also contained child pornography. After Agent Hodge’s testimony, Agent Stone also testified about his application for the October 3, 2006 warrant.
In a written order, the District Court denied Highbarger’s motion to suppress. The Court first concluded that Agent Hodge was performing a lawful search of Highbarger’s computer pursuant to the August 25, 2006 warrant when he discovered the first image of child pornography. The Court therefore declined to suppress that image. Next, the Court agreed with Highbarger that the October 3, 2006 warrant was not supported by probable cause and that the good faith exception did not apply. However, the Court held that the doctrine of inevitable discovery applied, reasoning that Agent Hodge could have lawfully continued his search for drug-related activity after he saw the first image of child pornography and would have inevitably discovered the additional images of child pornography during that search. Accordingly, the Court declined to suppress any of the evidence seized from the computers and the digital storage device.
After the District Court denied the motion to suppress, Highbarger pled guilty to two counts of 18 U.S.C. § 2252A(a)(2)(B) pursuant to a conditional plea agreement with the United States. The plea agreement preserved his right to appeal the District Court’s order denying his motion to suppress. The District Court sentenced Highbarger to a term of seventy-five months of imprisonment and a life term of supervised release. Highbarger filed a timely appeal.[3]
II. Discussion[4]
On appeal, Highbarger argues that the District Court erred by denying the *130 motion to suppress, primarily contending that Agent Hodge’s search exceeded the scope of the August 25, 2006 warrant. The government responds that the District Court did not err by concluding that the doctrine of inevitable discovery is applicable. It further argues, in the alternative, that the October 3, 2006 warrant was supported by probable cause and that, in any case, the good faith exception to the exclusionary rule applies to the images seized pursuant to the October 3, 2006 warrant.
When reviewing a District Court’s order denying a motion to suppress, we review the Court’s factual findings for clear error and exercise plenary review over its application of law to those facts. See United States v. Bond, 581 F.3d 128, 133 (3d Cir.2009).
Preliminarily, it appears that Highbar-ger contests the District Court’s determination that Agent Hodge only reviewed one image that contained child pornography. As discussed above, the District Court found that Agent Hodge was searching the computer files for images of drug transactions when he saw the image containing child pornography. The Court also found that Agent Hodge “noted that the computer still contained several dozen un-reviewed images, and stopped his search.” (App. at 4.) This factual finding is supported by the record. On direct examination, Agent Hodge testified that he opened the first file containing child pornography but did not open any additional files. He did, however, state that he saw the thumbnails on his screen and, based on the similarity of the images, believed that they also contained child pornography. In his brief, Highbarger points to the cross-examination of Agent Hodge, in which the agent agreed that he told Agent Stone that several dozen images of child pornography were opened and viewed. Yet that answer, which appears to contradict his earlier testimony, seems to have resulted from confusion about the meaning of “viewed”— specifically, whether it referred to viewing the thumbnail images as they existed on the screen or enlarging and then viewing them. In any case, given the possibility of such confusion, the District Court did not clearly err in crediting the testimony that Agent Hodge gave during his direct examination.
Next, Highbarger argues that Agent Hodge exceeded the scope of the warrant by searching files with titles that indicated they did not contain evidence of drug-related activity. We believe that the District Court correctly decided that Agent Hodge was lawfully searching pursuant to the August 25, 2006 warrant when he discovered the first image of child pornography. As the District Court recognized, law enforcement officials who have obtained a warrant to search a computer are not required to limit their search in accordance with a suspect’s description of his files. See, e.g., United States v. Giberson, 527 F.3d 882, 889-90 (9th Cir.2008); United States v. Hill, 459 F.3d 966, 977-78 (9th Cir.2006). Suspects can easily hide information by mislabeling files, and, therefore, law enforcement officials are not required to accept a suspect’s designation of what is contained in a particular file. See Hill, 459 F.3d at 978 (“Forcing police to limit their searches to files that the suspect has labeled in a particular way would be much like saying police may not seize a plastic bag containing a powdery white substance if it is labeled ‘flour’ or ‘talcum powder.’” (quoting United States v. Hill, 322 F.Supp.2d 1081, 1090 (C.D.Cal.2004))).
Moreover, the warrant authorized Agent Hodge to search and seize “all documents, records and materials in whatever form” for evidence of violations of 21 U.S.C. § 841. (App. at 104.) During the eviden-tiary hearing, Agent Hodge testified that *131 graphic images often contain evidence of drug-related activities and that he opened the graphic files in order to determine their contents. He was accordingly authorized by the warrant to open the graphic files on Highbarger’s computer when searching for evidence of drug-related activity. See Giberson, 527 F.3d at 889-90. Therefore, the District Court did not err in concluding that Agent Hodge did not exceed the scope of the August 25, 2006 warrant.
Once Agent Hodge had opened the graphic file that contained the image of child pornography, he was entitled to seize that image under the plain view doctrine. “Under that doctrine, if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant.” Minnesota v. Dickerson, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (citations omitted). Accordingly, the District Court did not err in refusing to suppress that image of child pornography.
After Agent Hodge discovered that image, he stopped his search,[5] and Agent Stone subsequently applied for the October 3, 2006 warrant to search for evidence of sexual exploitation of children in violation of 18 U.S.C. § 2251(a), et seq. The District Court held that the October 3, 2006 warrant was not supported by probable cause and that the good faith exception to the exclusionary rule did not apply. Because we conclude that the good faith exception does apply, we need not address the District Court’s analysis of the probable cause issue. See United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars and Fifty-Seven Cents, 307 F.3d 137, 145 (3d Cir.2002) (“[I]f a motion to suppress evidence obtained pursuant to a warrant does not present a Fourth Amendment argument that should be decided in order to provide instruction to law enforcement or to magistrate judges, it is appropriate for a reviewing court to turn ‘immediately to a consideration of the officers’ good faith.’ ” (quoting United States v. Leon, 468 U.S. 897, 925, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984))).
In United States v. Leon, the Supreme Court recognized a good faith exception to the exclusionary rule. The Court explained that the purpose of the exclusionary rule, i.e., the deterrence of Fourth Amendment violations, would not be served in a case where an officer “acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope” because “an officer cannot be expected to question the magistrate’s probable-cause determination....” 468 U.S. at 920-21, 104 S.Ct. 3405. In a recent decision, the Supreme Court further emphasized the limited scope of the exclusionary rule, explaining that it “serves to deter deliberate, reek- *132 less, or grossly negligent conduct, or in some circumstances recurring or systemic negligence.” Herring v. United States, — U.S. -, 129 S.Ct. 695, 702, 172 L.Ed.2d 496 (2009). Thus, the Court held that it should only be applied when “police conduct [is] sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system.” Id.
Nevertheless, the good faith exception does not apply where the affidavit is “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.” Leon, 468 U.S. at 923, 104 S.Ct. 3405 (internal citations and quotations omitted); United States v. Stearn, 597 F.3d 540, 561 (3d Cir.2010). The District Court concluded that the good faith exclusion did not apply in this case because “[n]o objectively reasonable officer would rely on such scant support” as contained in the affidavit Agent Stone submitted when seeking the warrant. (App. at 13.) Although the District Court is correct that the affidavit was not as complete as it could and perhaps should have been, we disagree with its conclusion that the good faith exception does not apply.
In support of the application for the October 3, 2006 warrant, Agent Stone’s affidavit informed the magistrate judge that another law enforcement officer had discovered the images and concluded that they were images of child pornography. Agent Stone stated that the images were of “young girls that appeared to be teenage or younger engaging in sexually explicit conduct.” (App. at 109.) Importantly, this description was provided in the context of the affidavit quoting statutory language that defines sexually explicit conduct. The magistrate judge approved the warrant. Although it would have been better for Agent Stone to have provided a more detailed description of the content of a pornographic image, or an actual copy of one, we do not agree that Agent Stone’s belief in the validity of the warrant was objectively unreasonable. Given the Agent’s quoting of the relevant statutory language and the assertion that what was viewed was “sexually explicit conduct” as defined by the statute and was performed by someone of an age appearing young enough to be legally considered a child, it was not unreasonable for the Agent to believe that the affidavit was sufficient and to rely on the magistrate judge’s issuance of the warrant. See United States v. Grant, 490 F.3d 627, 633-34 (8th Cir.2007) (determining that the good faith exception applied where the affidavit stated that a computer repairman had viewed the images and concluded they were images of “child pornography,” even though the affidavit did not specifically describe the images). Accordingly, the good faith exception applies, and, though we have done so by a different route, we arrive at the same point the District Court did: the evidence obtained pursuant to the October 3, 2006 warrant should not be suppressed.[6]
III. Conclusion
We agree with the District Court, that Highbarger’s motion to suppress was ill-founded. We will therefore affirm the judgment of conviction.

. The searches of Highbarger's residence are not at issue in this appeal.

. Section 841(a)(1) makes it unlawful for "any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.”

. Highbarger does not appeal the sentence imposed by the District Court.

. The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

. For this reason, Highbarger's reliance on United States v. Carey, 172 F.3d 1268 (10th Cir.1999), is misplaced. In Carey, the detective, like Agent Hodge here, inadvertently opened the first image of child pornography during a search of a computer for drug-related activity. Id. at 1271. But the factual similarities end there. Unlike Agent Hodge, who stopped searching at that point, the detective in Carey continued to search the images, even though he testified that, after seeing the first image, he had probable cause to believe that the additional images contained more child pornography. Id. The Tenth Circuit held that the detective exceeded the scope of the warrant and suppressed the seized evidence. Id. at 1276. The Court's holding, however, did not apply to the first image that was inadvertently seen and was "confined to the subsequent opening of numerous files the officer knew, or at least, expected, would contain images of child pornography.” Id. at 1273 n. 4.

. In light of our conclusion that the good faith exception applies to the evidence seized pursuant to the October 3, 2006 warrant, we need not decide whether the District Court erred by concluding that the doctrine of inevitable discovery applied to this case.